**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 109536

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHLEEN CARRANO and ROSE POWE, individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED INTERSTATE, LLC and LVNV FUNDING, LLC <br><br><br> Defendants. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

CATHLEEN CARRANO and ROSE POWE, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complain, state and allege against ALLIED INTERSTATE, LLC ("Allied") and LVNV FUNDING, LLC ("LVNV"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.     Plaintiffs are individuals who are citizens of the State of New York.

6.     Plaintiffs, "consumers" as defined by 15 U.S.C. § 1692a(3), are allegedly obligated to pay certain debts.

7.     On information and belief, Allied's principal place of business is located in New Albany, Ohio.

8.     On information and belief, LVNV's principal place of business is located in Las Vegas, Nevada.

9.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Plaintiffs' alleged debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12.     Sometime after the incurrence of the debts, but before the initiation of this action, Plaintiffs are alleged to have fallen behind on payments allegedly owed on the alleged debts.

13.     At a time known only to Defendants, Plaintiffs' alleged debts were assigned or otherwise transferred to Defendants for collection.

14.     In their efforts to collect the alleged debts, Defendants contacted Plaintiff by letters. ("Exhibit 1.")

15.     Defendants' letters are "communications" as defined by 15 U.S.C. § 1692a(2).

16.     In New York, the statute of limitations to sue to recover Plaintiffs' alleged debt is four (4) years from the date of the last payment towards the balance due on the debt.

17.     Per Defendants' letters, Plaintiff Carrano's last payment towards the balance due on her debt was April 3, 2008.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

18.    As such, the statute of the statute of limitations to sue to recover Plaintiff Carrano's debt was April 3, 2012.

19.    Per Defendants' letter, Plaintiff Powe's last payment towards the balance due on her debt was May 3, 2000.

20.    As such, the statute of the statute of limitations to sue to recover Plaintiff Powe's debt was May 3, 2004.

21.    Defendants' letters to Plaintiff  Carrano are dated September 18, 2014, and April 9, 2015.

22.    Defendants' letter to Plaintiff  Powe is dated May 11, 2015.

23.    The letters demand payment.

24.    Making any payment on the time-barred debts may result in revival of Plaintiffs' otherwise time-barred debt.

25.    Notwithstanding the expiration of the statute of limitations to sue to recover the debts, none of the letters inform Plaintiffs that any partial payment by Plaintiffs may result in the revival of Plaintiffs' otherwise time-barred debts.

26.    As a result of the omission set forth above, Defendants' letters would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred debt.

27.    Defendant has violated 15 U.S.C. § 1692e.

28.    Defendant has violated 15 U.S.C. § 1692e(2)(A), prohibiting the false representation of the character or legal status of any debt.

29.    Defendant has violated 15 U.S.C. § 1692e(10), prohibiting any false representation o deceptive means to collect or attempt to collect any defy.

## CLASS ALLEGATIONS

30.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendants attempted to collect a delinquent consumer debt using the same unlawful conduct described herein, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k of the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31.     The class consists of all natural persons who Defendants sent letters on time-barred debts without providing any notice regarding the effect of payment on the time-barred debts.

32.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts.

33.     Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.     The predominant common question is whether Defendants' practices violate the FDCPA.

35.     Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under the FDCPA.

36.     A class action is the superior means of adjudicating this dispute.

37.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

### JURY DEMAND

Plaintiffs hereby demand a trial of this action by jury.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

1. Certify this action as a class action; and

2. Appoint Plaintiffs as Class Representative of the Class, and their attorneys as Class Counsel; and

3. Find that Defendants' actions violate the FDCPA; and

4. Grant statutory damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k; and

5. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

6. Grant Plaintiffs' costs; together with

7. Such other relief that the Court determines is just and proper.

DATED: April 5, 2016

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 109536